**LING YU DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 07–3558–ag.

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Ling Yu Dong, a native and citizen of the People's Republic of China, seeks review of the July 31, 2007 order of the BIA denying her motion to reopen and to file a successive asylum application. *In re Ling Yu Dong,* No. A077 993 670 (B.I.A. July 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Dong's untimely motion to reopen or in finding her ineligible to file a successive asylum application.

Dong argues that the BIA erred by relying on its precedential decisions to summarily conclude that she failed to dem-

---

\* Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case. Fed. R.App. P. 43(c)(2).

onstrate either changed country conditions sufficient to excuse the untimeliness of her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail, as we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Dong's challenges to the BIA's denial of her motion to file a successive asylum application are foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).